**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BIFFLE CAMPBELL; and**                                                                        **PLAINTIFFS**
**CHRISTOPHER CAMPBELL**

**V.**                                                         **NO. 3:15-CV-00159-DMB-SAA**

**J&B MOTORSPORTS, LLC; and**
**BOMBARDIER RECREATIONAL**
**PRODUCTS, INC.**                                                           **DEFENDANTS**

## ORDER GRANTING REMAND

This products liability action is before the Court on the motion to remand of Biffle Campbell and Christopher Campbell. For the reasons below, the motion will be granted in part and denied in part.

**I**
**Procedural History**

On June 25, 2015, Biffle Campbell and Christopher Campbell initiated this product liability action in the Circuit Court of DeSoto County, Mississippi, against J&B Motorsports, LLC ("J&B"), and BRP US, Inc. Doc. #4-2. On August 20, 2015, the DeSoto County Circuit Court entered an agreed order dismissing with prejudice BRP US, Inc., and granting the Campbells' unopposed motion for leave to file an amended complaint adding Bombardier Recreational Products, Inc. ("Bombardier"), as a defendant.[1] Doc. #4-8. The same day, the Campbells filed an amended complaint naming Bombardier as a defendant. Doc. #2.

The Campbells' state court amended complaint asserts that on April 1, 2014, Christopher

---

[1] According to Bombardier's notice of removal, "BRP US, Inc. is a United States distributor of products manufactured by Bombardier" and that "[o]nce Plaintiffs learned they named a distributor and not the manufacturer of the product at issue in Plaintiffs' lawsuit," they agreed to dismiss BRP US, Inc., and add Bombardier as a named defendant. Doc. #1 at ¶¶ 1–2.

purchased a 2014 Can-Am Outlander 1000 XMR ATV from J&B, which was manufactured and distributed by Bombardier. *Id.* at ¶¶ 5–6. The amended complaint further alleges that on May 10, 2014, the ATV ignited and burned down Biffle's home. *Id.* at ¶¶ 6–10. Regarding the state court's jurisdiction, the amended complaint alleges that: (1) Biffle is a citizen of Mississippi, *id.* at ¶ 1; (2) "[p]rior to and on May 10, 2014," Christopher was a resident of Mississippi but "now resides" in Florida, *id.* at ¶ 2; (3) J&B is a "Mississippi limited liability company" with its principal place of business in Mississippi, *id.* at ¶ 3; and (4) Bombardier "is a corporation organized and existing under the laws of Canada, whose principal place of business is located [in] Canada," *id.* at ¶ 4.

On September 21, 2015, Bombardier, alleging diversity jurisdiction, filed a notice of removal in this Court. Doc. #1. Regarding the citizenship of the parties, Bombardier alleges in its removal notice:

> Upon information and belief, Plaintiff Biffle Campbell was and is a citizen of the State of Mississippi as of the date of filing the First Amended Complaint. And upon information and belief, Plaintiff Christopher Campbell was and is a citizen of the State of Florida as of the date of filing the First Amended Complaint.
>
> Defendant Bombardier is, and was at the time of the filing of the First Amended Complaint, a corporation incorporated under the laws of the Province of Quebec, Canada, with its principal place of business in Valcourt, Canada and not in Mississippi.

*Id.* at ¶¶ 15–16 (internal citations and paragraph numbering omitted). As for J&B, Bombardier alleges that because "J&B was improperly joined for the sole purpose of defeating diversity jurisdiction," "[t]his Court should ignore the citizenship of J&B for the purpose of determining diversity and exercise subject matter jurisdiction of Plaintiffs' claims against Bombardier

because complete diversity exists between Plaintiffs and the only properly named Defendant."[2] *Id.* at ¶¶ 21–22. In arguing that J&B was improperly joined, Bombardier contends that "[f]or any claims relating to the sale of the subject ATV, J&B is an innocent seller under Mississippi law, immune from liability under Miss. Code Ann. § 11-1-63(h)" and that "Plaintiffs assert only conclusory allegations regarding the alleged liability of J&B." *Id.* at ¶¶ 19–20.

On October 5, 2015, the Campbells filed a motion to remand this action to the DeSoto County Circuit Court. Doc. #6. The Campbells contend that "diversity of citizenship does not exist in this action" because they alleged "viable claims for relief against the resident Defendant, J&B." *Id.* at ¶¶ 2–3. Specifically, the Campbells argue that the innocent seller exception does not apply to the claims against J&B because "Plaintiffs specifically plead that, although J&B was aware of the availability of a heat dissipation kit and the necessity for it, it did not ensure the heat dissipation kit was installed on the [ATV] Plaintiff Christopher Campbell purchased." Doc. #7 at 7 (citing Doc. #2 at ¶ 10). Arguing that "removal was improper," the Campbells also ask that Bombardier be ordered to pay their "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal as provided in 28 U.S.C. § 1447(c)." Doc. # 6 at ¶¶ 4–5.

Bombardier filed a response to the motion to remand on October 27, 2015, after requesting and receiving an extension to respond. Doc. #10; Doc. #11. In the memorandum

---

[2] Bombardier does not specify the state of J&B's citizenship anywhere in its notice of removal but apparently assumes that J&B is a Mississippi citizen based on the allegations of the Campbells' amended complaint, which alleges that J&B is a Mississippi limited liability company doing business in Mississippi with its principal place of business in Mississippi. Doc. #2 at ¶ 3. The citizenship of a limited liability company is based on the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal punctuation and quotation marks omitted). Bombardier, as the party asserting this Court's jurisdiction, has the burden of distinctly and affirmatively alleging the citizenship of the parties but it did not do so by failing to identify all of J&B's members and the citizenship of each. Ordinarily, Bombardier would have been allowed the opportunity to cure the deficient allegations in the removal notice as to the citizenship of J&B. However, given the Court's ultimate decision about remand, Bombardier's failure in this regard is of no moment.

brief accompanying its response, Bombardier argues that "Christopher Campbell's ATV came factory-equipped with a high heat kit. Plaintiffs' allegation that the subject ATV was without a high heat kit is an unsupported misstatement of a discrete jurisdictional fact." Doc. #12 at 4. Bombardier also argues that innocent seller immunity applies to J&B because J&B lacked actual knowledge of a defect with the ATV. *Id.* at 7. The response urges the Court to pierce the pleadings and consider: (1) an ATV Warranty Bulletin issued by Bombardier; (2) an affidavit of Luc Bouchard, Bombardier's Director of Product Development; (3) an affidavit of Phillip Jolly, J&B's General Manager; and (4) information obtained from "Bombardier's online information platform known as 'BOSSWeb.'" *Id.* at 2, 5.

The Campbells filed a reply and accompanying memorandum brief in support of their motion to remand on November 9, 2015, after being granted a requested extension. Doc. #14; Doc. #15; Doc. #16. In support of their reply, the Campbells attached an affidavit from Greg Jackson, a certified fire and explosion investigator, who avers that he inspected the ATV in question and concluded that a heat dissipation kit had not been installed. Doc. #14-1.

On December 8, 2016, Bombardier filed a motion for leave to file a sur-reply to address the evidence presented in Jackson's affidavit. Doc. #17. The proposed sur-reply includes a second affidavit of Bouchard which addresses the conclusions in Jackson's affidavit. Doc. #17-1. The Campbells responded in opposition to the motion, and Bombardier filed a timely reply. Doc. #19; Doc. #21.

**II**
**Motion for Leave to File Sur-Reply**

"While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant[,] ... a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Elwood v.*

4

*Cobra Collection Agency*, No. 2:06–cv–91, 2006 WL 3694594, at *7 (S.D. Miss. Dec. 14, 2006). However, "surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x. 749, 751 n.2 (5th Cir. 2014) (internal alteration omitted). Accordingly, the Court must decide whether the Campbells' reply raised new legal theories or attempted to present new evidence.

In the memorandum accompanying their response to the motion for leave, the Campbells do not argue that the Jackson affidavit is not new evidence. Rather, they argue that the affidavit "did not raise new arguments; it merely buttresses the same argument Plaintiffs have consistently made throughout the course of litigation." Doc. #20 at 2. The Campbells do not, however, cite authority that a reply may present new evidence so long as it does not raise a new argument.

Having reviewed the motion and all related documents, the Court finds that Bombardier has stated proper cause to allow the filing of a sur-reply. *See Doe v. Exxon Mobil Corp.*, 69 F.Supp.3d 75, 85 (D.D.C. 2014) (leave to file sur-reply granted where party's reply included expert declaration). Accordingly, the motion for leave is granted and the Court will consider Bombardier's sur-reply in deciding the Campbells' motion to remand.

### III
### Standard of Review

Of relevance here, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). There must be complete diversity between all named parties. *Jernigan v. Ashland*

*Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079 (internal quotation marks omitted).

Bombardier alleges, and the Campbells do not contest, that the amount in controversy exceeds $75,000. Doc. #1 at ¶¶ 12–14. With regard to diversity, Bombardier contends that at the time of removal and at the time of filing of the amended complaint: (1) Bombardier was a foreign corporation with its principal place of business in Canada; (2) Biffle was a citizen of Mississippi; and (3) Christopher was a citizen of Florida. *Id*. at ¶¶ 15–16. Bombardier asserts that the citizenship of J&B is irrelevant because it is an improperly joined defendant. *Id*. at ¶¶ 17–19.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphases omitted). The "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The latter inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a [non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against [the] defendant." *Smallwood*, 385 F.3d at 573. In resolving this question, "[a] district court should ordinarily … conduct[] a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 n.6. The party asserting improper joinder bears the burden at each stage of this inquiry. *See Barbee v. Scott*, No. H-10-1797, 2010 WL 3257477, at *7 (S.D. Tex. Aug. 17, 2010) ("The court concludes, therefore, that under a Rule 12(b)(6)-type analysis the defendants have failed to meet their burden of establishing improper joinder."); *see also Veritas Consulting Grp. Inc. v. Gasbuddy Org., Inc.*, No. C-10-147, 2010 WL 2598386, at *3 n.3 (S.D. Tex. June 24, 2010) ("[E]ven if this Court were to pierce the pleadings and consider the summary judgment type evidence, removing Defendants have not met their burden of proving improper joinder.").

When a court elects to pierce the pleadings, it may consider summary judgment-type evidence, "such as affidavits and deposition testimony." *Toney v. Lowery Woodyards and Emp'rs Ins. of Wausau*, 278 F.Supp.2d 786, 790 (S.D. Miss. 2003) (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995)). In so doing, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Irby*, 326 F.3d at 649. Furthermore, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id*. However, "if the defendant presents summary judgment-type evidence to show that plaintiff's allegations in his complaint are unfounded as a matter of fact, then the plaintiff, to secure remand, may not rest on the mere allegations or denials of his pleadings, or rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant …." *Toney*, 278 F.Supp.2d at 790 (internal citations, alterations, and quotation marks omitted).

# IV
# Remand

The Campbells maintain that complete diversity is lacking and remand is appropriate because Biffle and J&B are both Mississippi citizens. Doc. #6 at ¶ 1. While Bombardier seems to agree that J&B is a Mississippi citizen, it argues that this Court nonetheless has jurisdiction because "Plaintiffs' allegation that the subject ATV was without a high heat kit is an unsupported misstatement of a discrete jurisdictional fact." Doc. #12 at 4. Bombardier bases this assertion on the second improper joinder inquiry, that is, the inability to establish a cause of action against the allegedly improperly joined defendant.[3] Accordingly, the Court must decide: (1) if the Campbells have failed to state a claim under a 12(b)(6) standard; (2) if the Court should pierce the pleadings; and (3) if piercing the pleadings is warranted, whether the Campbells have no possibility of recovery against J&B under a summary inquiry.

### A. 12(b)(6) Analysis

As with motions to dismiss for failure to state a claim, under the improper joinder inquiry, "[a] plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F.Supp.2d 835, 840 (S.D. Miss. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Such analysis must be done in the context of Rule 8's notice pleading standard, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation marks and alterations omitted) (citing *Twombly*, 550 U.S. at 554–55).

---

[3] Bombardier's brief characterizes this as a "misstatement of a discrete jurisdictional fact," but jurisdictional facts relate to allegations of citizenship. *See Irby*, 326 F.3d at 647 ("The defendants do not dispute that Irby is a Mississippi resident. Accordingly we focus on the second test.").

8

As stated above, in support of its claim that J&B was improperly joined, Bombardier, in its notice of removal, asserts two arguments. First, Bombardier alleges that the Campbells cannot establish a cause of action against J&B because J&B is an innocent seller immune from liability under Mississippi law. Doc. #1 at ¶ 19. Next, Bombardier argues that the Campbells' complaint asserts only conclusory allegations regarding J&B's liability. *Id.* at ¶ 20. In its response to the motion for remand, however, Bombardier addresses only the innocent seller argument.

### 1. Conclusory Allegations

A ground for removal that is included in a notice of removal but not raised in response to a motion to remand is deemed waived. *Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1005 (N.D Ill. 2002). Accordingly, insofar as Bombardier has not advanced its argument concerning conclusory allegations in its response to the motion to remand, such argument is deemed waived. *Id*. However, out of an abundance of caution, the Court will address the nature of the Campbells' allegations.

In their amended complaint, the Campbells assert two claims against J&B arising from the allegedly defective ATV: (1) a claim for negligence, and (2) a claim for strict liability. Doc. #2 at ¶¶ 16–30. The Mississippi Products Liability Act ("MPLA") "has abrogated products-liability claims based on strict-liability or negligence theories, and ... now provides the roadmap for such claims." *Elliot v. El Paso Corp.*, 181 So.3d 263, 268 (Miss. 2015). As with other negligence claims, "[i]n order to recover in a negligence case [under the MPLA], a plaintiff must prove by a preponderance of the evidence (1) duty, (2) breach, (3) causation, and (4) injury." *Id*. (internal quotation marks omitted).

With regard to their negligence claim against J&B, the Campbells allege:

> Defendant, J&B, was negligent in that it failed to use reasonable care when it distributed and sold the 2014 Can-Am Outlander 1000 XMR. More particularly, it failed to use reasonable care in distributing and selling the Outlander without adequate heat dissipation to prevent overheating of combustible parts of the Outlander.
>
> Defendant, J&B, owed a duty to Plaintiffs to distribute and sell the 2014 Can-Am Outlander 1000 XMR that was safe and of good quality and to provide a product that would perform as it was intended and expected.
>
> Defendant, J&B, breached its duty owed to the Plaintiffs.
>
> As a direct and proximate result of the negligence of the Defendant, J&B, Plaintiffs suffered damages including the loss of real and personal property in the fire caused by the Outlander.

Doc. #2 at ¶¶ 17–20 (paragraph numbering omitted). Rather than being conclusory, the Campbells provide specific and detailed factual allegations regarding each of the elements of their negligence claim. Because these allegations are not conclusory, Bombardier's argument to the contrary is rejected.[4]

### 2. Innocent Seller

Regarding Bombardier's innocent seller argument, at the time period relevant to this action,[5] Miss. Code Ann. § 11-1-63(h) provided:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he

---

[4] Having concluded that the negligence claim survives the 12(b)(6) inquiry, the Court declines to address the merits of the strict liability claim.

[5] On March 17, 2014, the Mississippi Legislature approved an amendment to the MPLA. 2014 Miss. Laws WL No. 48 (H.B.680). The amended statute, which went into "force from and after July 1, 2014," does not apply to this action. *Tie–Reace Hollingsworth ex rel. McDonald v. City of Laurel*, 808 So.2d 950, 954 (Miss. 2002) ("[I]f a statute is to apply 'effective from and after passage' it is not to apply to causes of action that have accrued prior to the passage of the statute.").

> supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

This Court has previously determined that the innocent seller exemption is an affirmative defense under Mississippi law. *Thomas v. FireRock Prods., LLC*, 40 F.Supp.3d 783, 791–92 (N.D. Miss. 2014). "In order for [a 12(b)(6)] dismissal to be appropriate on the basis of an affirmative defense, the defense must be established on the face of the complaint." *Id*. (quoting *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 959 (E.D. Tex. 2011)).

Nowhere in the amended complaint do the Campbells allege that J&B qualifies for the innocent seller affirmative defense. To the contrary, the Campbells allege that J&B is not an innocent seller immune from liability under § 11-1-63(h) because J&B had "actual knowledge that there was a problem with overheating under the seat area of the Outlander" and knew "of the availability of [a] heat dissipation kit but did not install the kit ... before selling it to the Plaintiff …." Doc. #2 at ¶ 10. Accordingly, the innocent seller exemption does not cause the amended complaint to fail under a 12(b)(6) standard.

### B. Piercing the Pleadings and Summary Inquiry

The Fifth Circuit has cautioned that, in exercising discretion to pierce the pleadings, a court must be mindful "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [allegedly improperly joined] defendant." *Smallwood*, 385 F.3d at 573–74. Anything more "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id*. at 574.

Bombardier argues this Court should pierce the pleadings and conduct a summary inquiry because "Plaintiffs' allegation that the subject ATV was without a high heat kit is an unsupported misstatement of a discrete jurisdictional fact" and "J&B had no knowledge of a known defect as Plaintiffs contend in the Amended Complaint." Doc. #12 at 4, 8. On these points, the parties have submitted an ATV Warranty Bulletin, information from Bombardier's website regarding warranties, and five affidavits.

First, regarding the alleged absence of the high heat kit, Jackson's affidavit and Bouchard's second affidavit offer competing technical conclusions regarding the presence of the heat kit based on inspections of the damaged ATV. Based on the contents of Jackson's affidavit and Bouchard's second affidavit, it appears that resolution of the question of the presence of the heat kit would require that the Court address technical questions related to the ATV and assess the credibility of Jackson and Bouchard. Such an inquiry would take the Court well beyond the summary proceedings prescribed by the Fifth Circuit. *See Conner v. Kraemer-Shows Oilfield Servs.*, 876 F.Supp.2d 750, 755 (W.D. La. 2012) (resolution of conflicting evidence "would require a fact-finding exercise that would go well beyond the summary inquiry).

Second, as to knowledge, Christopher's affidavit avers that three days after the fire, he spoke with "the maintenance manager of J&B who runs the service side of the dealership" and was informed that his "particular Can-Am make and model" had a "propensity … to overheat," and that "overheating is common with Can-Am four-wheelers." Doc. #14-2 at ¶ 5. In contrast, Jolly, the general manager at J&B, avers that J&B received an ATV Warranty Bulletin for the make and model of the Campbells' ATV, but that the bulletin did not include the serial number for the specific ATV sold to the Campbells. Doc. #11-2 at ¶¶ 7–8. While the Jolly affidavit establishes that the Campbells' ATV was not subject to a warranty bulletin or warranty

12

campaign, it does not state that warranty bulletins and warranty campaigns are the exclusive means for gaining knowledge of product defects. Accordingly, the affidavit does not rebut the specific allegation in the amended complaint that J&B had actual knowledge of overheating in the ATV. In the absence of such a contradiction, Bombardier cannot show a misstatement or omission of a fact which would justify piercing the pleadings. *See McDonal*, 408 F.3d at 183 n.6.

In sum, Bombardier cannot show that piercing the pleadings is appropriate to resolve either of the identified factual issues. Accordingly, the Court will not pierce the pleadings and, therefore, declines to conduct a summary inquiry.

### C. Existence of Improper Joinder

Having concluded that the Campbells have stated a claim against J&B under a 12(b)(6) standard and that piercing the pleadings would be inappropriate, the Court concludes that J&B was not improperly joined and that, therefore, remand is required.

### V
### Costs and Expenses

The Campbells request the Court award attorney's fees, costs and expenses under 28 U.S.C. § 1447(c). Doc. #6 at ¶ 5. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award costs and expenses is discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Attorney's fees should only be awarded "when the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012). This standard also applies to the Court's determination of whether to award costs and expenses on remand. *See Glover v. DG Louisiana, LLC*, No. CIV.A. 14-151-SDD, 2014 WL 3513394, at *5 (M.D. La. July 15, 2014) (considering

objective reasonableness in the context of costs of remand).

The Court finds that although Bombardier failed to establish J&B was improperly joined, it still had an objectively reasonable basis under Mississippi law for removal. Therefore, an award of attorney's fees, expenses, and costs is unwarranted.

## VI
## Conclusion

For the reasons above:

1. Bombardier's motion for leave to file a sur-reply [17] is **GRANTED**; and

2. The Campbells' motion to remand [6] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks remand and is DENIED to the extent it seeks attorney's fees, expenses, and costs. This action is **REMANDED** to the Circuit Court of DeSoto County, Mississippi.

**SO ORDERED**, this 22nd day of July, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**